# EXHIBIT A

## SUPERIOR COURT OF DISTRICT OF COLUMBIA
500 Indiana Avenue NW, Washington, DC
CIVIL DIVISION

| | |
|---|---|
| SANDRA GARRETT<br>5500 Columbia Pike, Unit 924<br>Arlington, Virginia 22204<br>*Plaintiff,*<br><br>v.<br><br>NATIONAL PARK SERVICE<br>1100 Ohio Drive, SW<br>Washington, D.C. 20242<br><br>and<br><br>MICHAEL LOUIS HALL<br>1100 Ohio Drive, SW<br>Washington, D.C. 20242<br>*Defendants.* | Case No.: **2015 CA 004577 B**<br>Demand for Jury Trial |

## COMPLAINT

Plaintiff Sandra Garrett (hereinafter "Plaintiff") by and through her attorney Derrick G. Hamlin Esq., and The Law Office of Derrick G. Hamlin, P.C., sue National Park Service (hereinafter "NPS") Michael Louis Hall (hereinafter "Defendants") or collectively and states:

### STATEMENT OF FACTS

1. Plaintiff is a resident of Virginia and resides at 5500 Columbia Pike, Unit 924 Arlington, Virginia 22204.

2. Defendant National Park Service was incorporated in the District of Columbia, and is located at 1100 Ohio Drive, SW Washington, D.C. 20242. National Park Service conducts business and maintains offices in the District of Columbia with (principal office for receiving service being located at the same address, 1100 Ohio Drive, SW Washington, D.C. 20242.)

3. Defendant Hall was an employee and agent of National Park Services, 1100 Ohio Drive, SW Washington, D.C. 20242, and worked as a maintenance employee in the District of Columbia, at all times relevant to this Complaint.

1

4. On the morning of June 22, 2014, at approximately 10:30 a.m. a family that was leaving a parking space near the Martin Luther King, Jr. Monument signaled for Ms. Garrett and her daughter, Ms. Porto to take their parking space.

5. Once the family pulled out, Plaintiff Garrett and her daughter parked in the open space. Moments later, two individuals approached Ms. Garrett's vehicle and yelled at her for parking in the spot.

6. Defendant Hall yelled that the gentlemen had been waiting for twenty (20) minutes and that his car was down the street as Defendant Hall pointed to a car down the street.

7. Defendant Hall, who worked for the National Park Services and wore a National Park Services uniform, again stated, "I said you can't park here" in an attempt to use his position or authority with National Park Services to make Plaintiff move.

8. Plaintiff Garrett could see that Defendant Hall was not a police officer or a parking enforcement officer and could see he was National Parks Services Maintenance Employee.

9. Additionally, she could see that the person who wanted the space was not in his car and that his car was very far away.

10. Ms. Porto and Defendant Hall began to argue and yell at each other as Defendant Hall approached the car in an aggressive and angry manner. Both ladies told defendant Hall to get away from the car.

11. When Defendant Hall was close enough to the car, Ms. Porto cursed at him and told him to get away. Mr. Hall then reached in the car and tried to hit Ms. Porto, however, he hit Ms. Garrett in the face, while trying to attack her daughter.

12. Witnesses saw Defendant Hall yell and reach into the car and Defendant Hall admitted that he did reach into the car. Plaintiff Garrett's jaw was sore for two (2) days as a result of being struck by defendant Hall.

13. Plaintiff Garrett yelled to Mr. Hall that she was a U.S. Army Officer and he stated, "I don't care who you are." Ms. Garrett opened the door to get Mr. Hall to stop the assault and battery.

14. As the door swung open, Ms. Porto yelled, "Help my mom" as she called the police. The man with Defendant Hall stated "I can't help. I am a football player and this might be in the news."

15. Plaintiff Garrett got out of the car and told Defendant Hall to get back as defendant Hall yelled, "Shut up" and "You are going to get your ass beat if you don't shut the fuck up."

16. Defendant Hall moved toward Plaintiff Garrett again, trapping her between him and the car. Plaintiff Garrett held up her hands and screamed, "STOP."

17. Defendant Hall swung his fist at Plaintiff Garrett and Plaintiff Garrett was able to grab his collar as her hand was already up and Plaintiff tried to push him back as Defendant swung at her.

18. Although Ms. Garrett was hit several times, she most remembers a hard punch from Defendant Hall which landed on the side of her face and her ear.

19. The Defendant Hall's punch was so powerful that it knocked the bun-style ponytail out of Plaintiff's hair, made her collapse to the ground, and urinates all over herself. Defendant Hall literally "knocked the piss out of plaintiff."

20. The police arrived, witnesses were identified, and a police report was written.

21. The officer reported observing, "Several red marks on Ms. Garrett's face, neck and upper arm." He also observed "a substantially wet crotch line on her shorts" from her urinating on herself after being knocked to the ground by Defendant Hall.

22. Defendant Hall admitted to officer's that he broke the threshold of the car with his hand. 3 witnesses that did not know each other saw the assault.

23. Plaintiff Garrett further alleges that Defendant Hall was negligent, committed assault, and battery upon her as detailed in this Complaint. Plaintiff Garrett did not consent to the Plaintiffs acts. As a direct and proximate cause of the defendant's acts, the plaintiff incurred damages.

## COUNT I
### Assault

24. Plaintiff re-alleges all proceeding paragraphs and incorporates the same by reference as though they were fully set forth below.

3

25. Defendant Hall, as an agent for Defendant National Park Services negligently and intentionally committed acts and/or threats that put Plaintiff in immediate fear and apprehension of being harmfully or offensively touched.

26. Defendant Hall, as an agent for Defendant National Park Services acted with actual and/or apparent present ability to harmfully or offensively touch Plaintiff.

27. The actions of the agent employed by Defendant National Park Services caused Plaintiff to be placed in reasonable apprehension of being harmfully or offensively touched.

28. At all times relevant, Defendant Hall was employed by Defendant National Park Services and wearing National Park Services uniform.

29. Defendant National Park Services is responsible for all of the acts committed by its agents within the scope of their employment. Defendants' conduct was without legal justification, was improperly motivated by ill will and actual malice. As a result of these intentional and malicious acts of Defendants, Plaintiff sustained economic damages, humiliation, injury, inconvenience, and embarrassment for the totality of events that she was forced to endure.

30. WHEREFORE, Plaintiff requests that this Court: (a) award compensatory and consequential damages, including pain, suffering, inconvenience, mental anguish, emotional pain and suffering to Plaintiff jointly and severally against Defendants; (b) award costs for this action to Plaintiff; (c) award reasonable attorney's fees to Plaintiff; (d) award punitive damages; (e) award such other and further relief as this Court may deem appropriate.

## COUNT II
### Battery

31. Plaintiff re-alleges all proceeding paragraphs and incorporates the same by reference as though they were fully set forth below.

32. Defendant Hall's conduct, including punches in the face, as described here, was undertaken deliberately, with actual malice, and constituted an intentional, offensive and non-consensual touching of the Plaintiff.

33. Defendant National Park Services is responsible for all of the acts committed by its agents within the scope of their employment. Defendants' conduct was without legal justification, was improperly motivated by ill will and actual malice. As a result of these intentional and malicious acts of defendants, Plaintiff sustained economic damages, humiliation, injury, inconvenience, and embarrassment for the totality of events that he was forced to endure.

34. WHEREFORE, Plaintiff request that this Court: (a) award compensatory and consequential damages, including pain, suffering, inconvenience, mental anguish,

emotional pain and suffering to Plaintiff jointly and severally against Defendants; (b) award costs for this action to Plaintiff; (c) award reasonable attorney's fees to Plaintiff; (d) award punitive damages; (e) award such other and further relief as this Court may deem appropriate.

## COUNT III
## NEGLIGENCE

35. Plaintiff re-alleges all proceeding paragraphs and incorporates the same by reference as though they were fully set forth below.

36. Defendant Hall had a duty to exercise reasonable care and to not intentionally, willfully, or recklessly harm or endanger National park visitors.

37. Defendant Hall breached that duty when he assaulted and battered Plaintiff Garrett and swung and punched Plaintiff Garrett in her face, causing her bruising, soreness, and to urinate on herself.

38. At all times relevant, Defendant Hall was employed with Defendant National Park Services.

39. NPS had a duty to train and supervise Mr. Hall. NPS failed to properly train and supervise Defendant Hall and placed him in a position to come into contact with park visitors like Plaintiff Garrett. Defendant Hall should have been trained and supervised that way he could not assault, batter, or regulate parking.

40. During the time that Plaintiff Garrett was assaulted and battered, the conduct was perpetrated by the agent, servant and employee of Defendant National Park Services and within the scope of his employment. Defendants are National Park Services is responsible for all acts committed by its agents within the scope of their employment.

41. As a result of the aforesaid conduct and actions, Plaintiff Garrett incurred damages.

42. WHEREFORE, Plaintiff request that this Court: (a) award compensatory and consequential damages, including pain, suffering, inconvenience, mental anguish, emotional pain and suffering to Plaintiff against Defendants; (b) award costs for this action to Plaintiff; (c) award reasonable attorney's fees to Plaintiff; (d) award punitive damages; (e) award such other and further relief as this Court may deem appropriate.

## RELEIF SOUGHT

43. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

44. WHEREFORE, Plaintiff request that this Court: (a) award compensatory and consequential damages, including pain, suffering, inconvenience, mental anguish, emotional pain and suffering to Plaintiff against Defendants; (b) award costs for this action to Plaintiff; (c) award reasonable attorney's fees to Plaintiff; (d) award punitive damages; (e) award such other and further relief as this Court may deem appropriate in the combined total amount of $1,000,000.00 (One Million Dollars).

Respectfully Submitted,

*[signature]*

Derrick G. Hamlin, Esq.
Bar # 500494
Law Office of Derrick G. Hamlin, P.C.
200 East Lexington Street, Suite 1010
Baltimore, Maryland 21202
(410) 637-3001
(410) 637-3002 Fax
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on each and every one of her claims as pled herein.

*[signature]*

Derrick G. Hamlin, Esq.
Attorney for Plaintiff